Judges MARVIN, DAVIES, ROSEKRANS, WRIGHT and SELDEN concurred.

Judge EMOTT was absent. DENIO, Ch. J., did not sit in the case, having been counsel in it before he was elected judge.

SELDEN, J., delivered an opinion, in which he came to the conclusion that the agreement for the commission of five per cent., charged on the $8,574.66 advances, was not usurious; but he did not discuss the other question in the case.

———————

## SUPREME COURT.

JONATHAN W. FREEMAN agt. THOMAS AULD and others.

Where a *bond and mortgage* were given to secure a loan of $4,000, and by an agreement executed by the mortgagee to the mortgagor at the same time, it was recited that the mortgagor had agreed to accept of the mortgagee then only $2,000, and the balance of $2,000 at the time of the completion of the house in the course of erection on the mortgaged premises, to the satisfaction of the mortgagee; that

the sum of $2,000, actually advanced, should bear interest from the date of the loan, and that the balance of $2,000 should not bear interest until it should be advanced by the mortgagee, notwithstanding the provisions of the bond and mortgage,

*Held*, it appearing that the balance of $2,000 never had been advanced to the mortgagor, that the *assignee* of the bond and mortgage could not *foreclose and collect the whole* $4,000 of the mortgage money, although the mortgagor had sold the premises subject to the payment by the grantee of the whole amount of the mortgage money ($4,000) as a part of the consideration for the purchase, and the assignee had paid the mortgagee the sum of $2,000 for the assignment of the bond and mortgage, and had made an agreement with the mortgagor to credit him, and had actually given such credit for the other $2,000 which had not been advanced. (LEONARD, J., *dissenting*.)

The plaintiff stood as the naked assignee of the bond and mortgage, and was only entitled as such to recover the actual sum due upon them. He took them subject to the equities existing between the original parties.

*New York General Term, October,* 1862.

THE mortgage sought to be foreclosed in this case, and the bond accompanying the same, on their face purported to secure to the Home Insurance Company the payment of the sum of $4,000, with interest. But by an instrument executed by the mortgagee to the mortgagors contemporaneously with the delivery of the bond and mortgage, it was recited that the mortgagors had agreed to accept of the mortgagee only the sum of $2,000 at the time of the execution of the bond and mortgage, and the balance of said $4,000 at the time of the completion of the house in course of erection on the mortgaged premises, to the satisfaction of the mortgagee. It was also recited that the mortgagee advanced at that time the sum of $2,000 to the mortgagor, upon the express understanding and agreement between the parties to the mortgage that that sum should bear interest, to be computed and charged from the date of said loan; and it was agreed by the mortgagor that the remaining sum of $2,000, secured to be paid by said bond and mortgage, should not bear interest until it should be advanced by the mortgagee, notwithstanding the provisions of the bond and mortgage.

By the court, ROSEKRANS, Justice. As between the parties to this bond and mortgage it is clear that the mortgagee could not enforce the payment upon it of any greater sum than the $2,000 loaned at the time of the delivery of the bond and mortgage, and the interest thereon, until it had advanced the remaining sum of $2,000. It is also clear that every assignee of said bond and mortgage took it subject to the equities existing between the original parties. It was expressly stipulated in this action that the mortgagee never did advance upon the mortgage more than the sum of $2,000. The plaintiff claims the right to foreclose the mortgage as assignee; and, in addition to the rule of law adverted to, that he took the assignment subject to the equities existing between the original parties, it appears by the stipulation referred to, that he took the assignment of the bond and mortgage with full knowledge that only $2,000 had been loaned upon them, and that he only paid the mortgagee that sum upon the assignment. If this were the whole of the case, the plaintiff had no right to foreclose the mortgage for more than the $2,000 advanced upon it.

But the judge by whom the cause was tried has found as a fact, that at the date of the mortgage the mortgagor, in addition to receiving the sum of $2,000 upon it, also received from the mortgagee its agreement to advance upon the bond and mortgage the further sum of $2,000, when the house then in process of erection upon the mortgaged premises should be completed to the satisfaction of the mortgagee. Assuming this finding to be correct, it is difficult to see that it can have any force when it is conceded that, even if the contingency had happened upon which the further advance was to be made, no such advance had in fact been made. The mortgagee could in no event recover more or foreclose the mortgage for a greater sum than was actually advanced upon it. But the defendant has excepted to the finding of fact, and a

reference to the instrument signed by the mortgagee (which contains the whole of the evidence upon this subject) shows that the exception is well taken.   That instrument did not bind the mortgagee to advance a dollar beyond the sum of $2,000 advanced at its date.   It left it optional with the  mortgagee to make further advances or not, as he might choose, and  merely provided that the remaining sum of $2,000  should not bear interest until it should be advanced by the mortgagee.

But the plaintiff insists that the mortgagor subsequently conveyed the mortgaged premises to Bulkley, subject to this mortgage of $4,000, which Bulkley assumed to pay as a part of the consideration of purchase, and that as between the mortgagors and Bulkley $4,000 was deducted from the purchase money, and that Bulkley sold the premises to one Coyle under similar circumstances and a similar agreement as between them, and that Coyle sold the premises to the defendant Auld under similar circumstances and a  similar agreement as between them, and as the plaintiff had paid the mortgagee $2,000 for the assignment of the bond and mortgage, and had made an agreement with the mortgagors to credit them the sum of $2,000 in addition upon their prior indebtedness to him, and had given such credit, that these facts give him the right to collect the sum of $4,000 upon the bond, or to foreclose the mortgage for that sum, with interest from the date of the mortgage.   This claim has no foundation in law, if the facts stated are conceded.   The agreement of plaintiff to credit the mortgagors $2,000 upon their precedent indebtedness to him, and the giving of such credit, did not operate as an assignment of any cause of action the mortgagors may have had against any of the purchasers of the mortgaged premises upon their respective agreements to pay $4,000 upon the bond and mortgage.   The plaintiff still stood as the naked assignee of the bond and mortgage, and was only entitled as such.

to recover the actual sum due upon them. The mortgagors assigned nothing to the plaintiff, and the facts stated did not operate as an assignment of anything to him.

·But the defendant Auld having excepted to the finding of fact that the successive purchasers of the mortgaged premises made agreements with their immediate vendors to pay the sum of $4,000 upon the mortgage—the deeds of these several purchasers contain the only evidence of these agreements on this subject, and they show that the extent of their several agreements was to pay the amount actually due upon this mortgage. Bulkley assumed and covenanted to pay the mortgage, described as amounting to $4,000, the sum due and to grow due thereon. The agreements of the other vendors were similar to Bulkley's. This exception is well taken. The proof does not warrant the finding. The cause of action which the several vendors of the mortgaged premises may have against the vendees upon their agreements to pay the consideration money agreed to be paid, can only be enforced by the several vendors or some assignee, and the equitable lien of these vendors for unpaid purchase money can only be enforced by the vendors or some assignee of the right of action for the unpaid purchase money. It is questionable whether such assignee can enforce the lien. (1 *Lead. C. in Eq.*, 367, 369.)

The plaintiff should have accepted the sum of $2,000 and interest tendered him by the defendant Auld. The judgment of special term should be reversed and a new trial ordered, unless the plaintiff shall elect to modify the judgment, so that it shall be for the recovery of the sum of $2,000 and interest, and that the defendant Auld recover his costs of the action.

INGRAHAM, P. J., concurred.

LEONARD, J., (dissenting.) Allen & Stevens had the power to charge the premises with the payment of any

mortgage they had executed by their conveyance to Bulkley, although not a dollar had been advanced by the mortgagee.

Bulkley and his heirs and assignees were estopped from denying the validity of the mortgage. Allen & Stevens, after conveying the premises to Bulkley, might lawfully take an assignment of the mortgage to themselves and enforce its collection, although the mortgagees had not advanced a dollar thereon—the terms of the conveyance to Bulkley having made the mortgage a charge on the premises. The present plaintiff may lawfully enforce the collection of the whole mortgage money—one-half of the amount being collected for the benefit of Allen & Stevens, and to be applied by the plaintiff in part satisfaction of his demands against them.

The defendant Auld did not make inquiry of the right party, as to the amount due or advanced on the mortgage. He should have made his inquiries of the holder of the mortgage, not of the insurance company, who had ceased to hold it or have any interest therein.

Had the insurance company foreclosed the mortgage while they were the holders of it, their duty would have required them to collect the whole amount, if they were notified of the terms of the conveyance from Allen & Stevens to Bulkley in respect to assuming the payment of the mortgage. There is no evidence tending to show that Bulkley or his assignees were entitled to receive the remainder of the sum secured by the mortgage over and above the $2,000 advanced by the insurance company to Allen & Stevens. The right to receive the residue of the money which the insurance company agreed to advance belonged *prima facie* to the mortgagors, Allen & Stevens.

If the insurance company or their assignee collected anything on the mortgage over and above the sum advanced by the insurance company, it would be as trustee

People ex rel. Bartlett agt. Medical Society of Erie County.

for Allen & Stevens. They were interested to the extent of one-half of the amount of the mortgage after their conveyance to Bulkley, and they had the power to make any disposition of that interest which they thought proper.

The judgment should be affirmed, with costs.